Judge Buckker,
.delivered the opinion of the court.
This was an action of debt, prosecuted in the name of Mathews,- as administrator of Peter CL Góodall*. against Tufrier GoodaU. for the benefit of Martin, on a note executed by the- defendant, to plaintiff’s intestate;
It was tried' upon issues formed upon the picas of set-off and payment. The jury having returned a verdict for the defendant, the plaintiff submitted a motion for a,new trial, upon the grounds:
1st.. Thai the court admitted improper evidence on the part of the defendant, which, had been objected to by. plaintiff.
2nd; That the verdict was contrary to evidence.
The motion was overruled,- and judgment entered" against plaintiff, de bonis propriis..
The plaintiff having- excepted- to the opinion, and spread all the evidence on the record, appealed, and has assigned for errors,
1st. That the circuit court improperly admitted as evidence, a paper purporting-to-be a transcript of the, record of a suit in the Barren circuit court, in which-J. and: F-. Gorin were plaintiffs, and Turner- GoodaU" was defendant; and also, in admitting the depositions-, of several witnesses taken in this-suit.
2nd.. That the motion for a new trial was improper?., ly overruled.
3d; That the judgment for costs was erroneously entered.
The second ground assumed in the court below, on the motion for a new trial; cannot be maintained!
In relation to the-issue formed upon the plea of pay* ment? there is a contrariety of testimony; and were we of opinion, that the weight of it was in favor of the plaintiff, it is clear, that there was not such a prepondorance, as to render it proper on that ground, for this “ c a *597 court to reverse the judgment of the circuit court. To decide upon matters of tact, is the unquestionable province of a jury. To- authorize tiie court, before which the verdici is returned, to set it aside, on ground that it is against evidence, it should bo clearly so; to authorize this court to reverse tne judgment of thc circuit court, because H has refused m such a case, to grant a new trial, it should be still clearer.
_ But we are of opinion, that the circuit court impro* perly admitted testimony, to which the plaintiff objected. J. and i<. Gorin had prosecuted a suit by summons and petition in the Barren circuit court, against Turner Goodall, (the defendant in this suit,) and in 1819, recovered judgment for §182 21 cents, with interest and costs, on anote purporting to have been executed by the intestate of the plaintiff in error, and said Turner Goodall, toS. Jourdin, on the 15th of June, 1818, and to have been assigned to the Gorins.
This judgment appears, from the record, to have been replevied by said Turner, and was subsequently discharged by him, under the plea of set-off; a transeript of the record of that suit, was offered in evidence by the defendant, on the trial of this. The plaintiff in error objected to the admission of it as evidence, because the note on which the judgment liad been recovered, was not produced. The objection was overruled, and it was read to the jury, to which there was an exception. The deposition of F. Gorin, (one of the plaintiff’s in the suit-referred to in the Barren circuit court,) that of Jourdin, the obligee of the note in that case, and that of McFerran the sheriff, in whose hands the execution which issued on the judgment had been placed, were also read as evidence to the jury, after a motion made by the plaintiff to exclude them, on the ground that they contained irrelevant matter, had been overruled, and the opinion excepted to by him. The deposition of Gorin, and that of Jourdin, were introduced, to prove the execution of the note to the latter, by Peter C. Goodall as principal, and Turner Goodall as bis surety, on which the Gorins had recovered the judgment above mentioned. If they were not admissible, for that purpose the circuit court erred in permitting them-to goto the jury as.evidence. If the noto itself had: been produced,, the- testimony of *598 Murrel, (who seems to be a subscribing witness,) if be was living and in.a situation tobe examined, was indispensable to prove its execution.
od by the sub scribing- witness, if there be one, or his absence accounted for. tion of a note must be prov-
gainst anothofthejudgment and ney°had been" ooerced ad-The orignal note having been proved in the suit of an obligee a missable.
ínthecaseof Roberts vs. Tennell, III Mon. 247, it was decided t sat ihe execution of a no'e, introduced collate* rally on a trial, must be proved by the subscribing witness, if there be one, before it should be read as evidence, unless the absence of such witness be satisfactorily ac-. counted for. tits testimony is considered as better evidence to prove its execution, than even the confession of the party. He is also presumed to know the consideration on which it may be founded, and to know by whom it was executed as principal, and by whom as surety; and correct information upon the latter point, is as imporlant in the present case, as the execution of the note. But we do not say, that if the note had been produced and properly proved, other evidence might not have been admissible, to shew that Turner Goodall was but surety for the plaintiff’s intestate. As the note was not produced, nor any testimony shewing that it was lost, or could not be produced, the motion to exclude the depositions of Gorin and Jourdin, ought to have been sustained.
The record from the Barren circuit, was also improperly permitted to remain with the jury as evidence. Had the objection to it, related merely to the time at which it was offered, it was proper to disregard the objection, because a party litigant, has arignt tointro(juce |-,;s testimony,in theorder which he considers most advisable; and had the defendant, after the record had read as evidence, produced the note, on which ^ie judgment had been recovered, and proved its exeeulion by legitimate testimony, and that he was but surety in it, and that he had paid the amount secured by it, the record might, with propriety, have been considered by the jury. It would have shewn, in connexion with such testimony, that he had been legally compelled as surety, to pay money for his principal, and that he was consequently entitled to a set-off pro tanto. But when on the close of his evidence, be had failed to prove those facts, without which the record was not legal evidence, the plaintiff had a right, as he did, to insist on its exclusion, and the court should have directed the jury to disregard it.
Judgment vs. administrator ee bonis propriis, erroneous.
.Monroe, for plaintiff; Denny, for defendant.
If the foregoing view be correct, it follows as a consequence, that a new trial ought to have been granted; for, although there was such evidence applicable 10 the plea of payment, (which was, however, strongly controverted,) as rendered it proper to be left to the determination of the jury exclusively; yet it is impossible to ascertain from an examination of the record, what influence the testimony, improperly admitted,; may have had upon themindsof thejury; and ho.vfar such testimony may have induced them to find the verdict which they returned.
The judgment for costs against the plaintiff de bonis :rpropiiis, was evidently erroneous. See the case of Holley’s admr’x. vs. Christopher, III Monroe, 15.
The judgment of the circuit court must be reversed,, and the cause remanded to that court for further proceedings to be had, not inconsistent with this opinion.